COURT OF APPEALS
DECISION
DATED AND FILED

November 26, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP474**

Cir. Ct. No. **2022SC23824**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

KEITH NEWSON,

PLAINTIFF-APPELLANT,

V.

MUFFLER MAGIC,

DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Milwaukee County: REYNA I. MORALES, Judge. *Affirmed*.

¶1 WHITE, C.J.[1] Keith Newson, *pro se*, appeals from the order dismissing his small claims action against Muffler Magic. He asserts that Muffler

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

Magic failed to perform an automotive diagnostic test for which he paid. Muffler Magic, *pro se*, argues that Newson's claim was baseless and that he had no evidence to support his claim. Newson did not provide transcripts of the court trial; as a result, the record does not contain the findings of the circuit court, and the reasons behind those findings, that led to the dismissal of his claim. However, based on the record that is before us, we affirm.

¶2      In September 2022, Newson filed a small claims action against Muffler Magic alleging a claim for money. In Newson's pleadings and briefing, he alleged he requested a "smoke test" for an evaporation leak in his 2008 Chevy Tahoe. Newson stated that he was given a testing result for the vehicle in less than thirty minutes, despite Muffler Magic presenting it as a one-hour diagnostic test on the invoice. Further, Newson stated that there was no smell of smoke near the vehicle. Therefore, Newson posited that Muffler Magic had not performed the requested test. He requested the return of the $78.40 fee he paid to Muffler Magic as well as $100 for "wasted time." Newson's claim was supported by the repair order, which included the diagnostic test fee, a quote for two suggested repairs, and a failing State of Wisconsin vehicle inspection report for emissions testing. The record reflects that Muffler Magic submitted two documents: an invoice for service provided with the same diagnostic test listed, and a declined repairs order, describing the same suggested repairs Newson submitted.

¶3      At the October 10, 2022 return date before a Milwaukee County Circuit Court small claims commissioner, Muffler Magic did not appear and Newson was granted a default judgment in the amount of $155. In January 2023, Muffler Magic's motion to reopen the judgment was granted, without any objection from Newson. In May 2023, another small claims court commissioner held an evidentiary hearing on the matter and the action against Muffler Magic

was dismissed. Newson filed a small claims demand for trial and a court trial eventually occurred in March 2024 before the circuit court. At trial, Newson presented a receipt for $386.06 from Mid City Auto, dated May 30, 2023, with the work performed described as scanning codes, performing a smoke test, and replacing the fuel tank O ring.[2] After also hearing testimony from Newson and an agent for Muffler Magic, the circuit court then dismissed the action. Newson appeals.

¶4 According to Newson's notice of appeal, he is appealing the dismissal of his action as improper. However, Newson has not developed a legal argument or provided legal authority in support of his claim. We decline to develop an argument for him. "We cannot serve as both advocate and judge." *State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992). Moreover, we do not know upon which grounds his complaint was dismissed because we have neither a transcript nor a memorandum from the circuit court in support of its order. Although the law reflects that the circuit court's findings of fact in a trial to the court will be upheld unless clearly erroneous, WIS. STAT. § 805.17(2), no findings of fact appear in the record. Instead, the record before us is confined to the circuit court docket entries, the pleadings, and supporting documents.

---

[2] In its respondent's brief, Muffler Magic alleges that the receipt from Mid City Auto was fraudulent, with no proof that Newson had ever had his vehicle serviced there. Whether this invoice may be fraudulent does not change our analysis.

Muffler Magic also asserts that the circuit court dismissed Newson's action because his claim was not supported by evidence and that he was caught in a lie over a handwritten invoice on the witness stand. That invoice does not appear to be in the record and does not appear to be the Mid City invoice that Muffler Magic also objects to. Without findings of fact from the court on these allegations, this argument also does not affect our analysis.

¶5      "We are bound by the record as it comes to us." *Fiumefreddo v. McLean*, 174 Wis. 2d 10, 26, 496 N.W.2d 226 (Ct. App. 1993).  It is the appellant's "responsibility to present a complete record for the issues on which they seek review[.]" *Manke v. Physicians Ins. Co. of Wis.*, 2006 WI App 50, ¶60, 289 Wis. 2d 750, 712 N.W.2d 40.  Newson has not provided transcripts from any of the hearings or the court trial.[3]  With the absence of both transcripts and a memorandum from the court, we lack the evidence upon which to meaningfully review the court's dismissal of Newson's action.

¶6      "In the absence of a complete record, we presume the missing record supports the circuit court's decision." *Joseph Hirschberg Revocable Living Tr. v. City of Milwaukee*, 2014 WI App 91, 12 n.5, 356 Wis. 2d 730, 855 N.W.2d 699.  Therefore, we presume that there were proper grounds upon which the circuit court dismissed Newson's claim.  Accordingly, we affirm.

        *By the Court.*—Order affirmed.

        This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[3] The record reflects that Newson's "statement on transcript" declared that a transcript was not necessary for the prosecution of this appeal.